## THOMAS J. CLARK v. SARAH J. CLARK.

MISNOMER; *When Action May be Maintained in Assumed Name.* S. J. B., a married woman, deserted her husband in Indiana, and eloped with one T. J. C. and took up her residence with him in this state, and assumed his surname, and was introduced by him as his wife in the community in which they lived, and by his acts and statements she became known in Kansas by her assumed name only. Thereafter, while known and called S. J. C., she brought an action against said T. J. C. to recover the sum of $1,000, for money borrowed of her after she had assumed the name of C. The pleadings and testimony show she was known as S. J. C. as well as S. J. B. *Held,* That, notwithstanding the action was brought in the name of S. J. C., instead of S. J. B., and notwithstanding the plea of misnomer, the district court did not err in rendering judgment in her favor for the amount found due.

### *Error from Wilson District Court.*

SARAH J. CLARK, as plaintiff, recovered judgment against *Thomas J. Clark,* defendant, for $1,000, and costs, at the May Term 1876 of the district court, and defendant brings the case here on error. The facts are fully stated in the opinion.

*G. P. Smith,* and *Cates & Keplinger,* for plaintiff in error, contended, that a plaintiff should know his own, and for all purposes of pleading must be presumed to know it — and cited 4 Bac. Abr. 10, 20; Taylor, (N. C.) 148; 4 South Car. 32; 1 Bosanquet & Puller. While the crime of adultery would be no bar to a recovery by a woman in her real name, still such crime, and cohabitation with her paramour, cannot confer upon her the right to bring suit against him in *his* name, and not her own name.

*J. W. Sutherland,* and *Sterry & Sedgwick,* for defendant in error, maintained, that the rule of the common law, that a misnomer of either plaintiff or defendant, might abate an action, had its foundation in the proposition that the record of every action should, of itself, disclose a complete bar to a

similar action between the same parties, and that as the record could only fix the identity of the parties by giving the names by which they were known it was the right of each party to insist on such identification by the record. At the time this rule came into existence the reason for it was much greater than now, as parties in interest could not testify. If we are correct as to the reason for the rule, then it seems to us that as the reason for the rule does not possibly exist in the case at bar, it must be held that the rule itself cannot exist as to the facts in this case. The record in the case so completely identifies the defendant in error that it cannot possibly be said that it would not, of itself, be a complete bar to any future action for the same cause of action against plaintiff in error by the defendant in error, under the name of Brown. And besides this, it seems to us that it cannot successfully be denied that a person has a perfect legal right to call himself by any name he chooses, and so long as such name identifies him by reason of his being thus known in the community in which he resides, he would have a perfect right to sue and be sued by such name. The answer of the plaintiff in error, in order to correctly set forth the defense sought to be set forth by it, had to show not only that defendant in error's name was Brown, but that *she was known and called by such name.* The reply took issue on this and alleged that she was as well known where she resided by the name of Clark, as she was by the name of Brown, and the jury found such allegations to be true. Not only that, but the jury also found that the plaintiff in error gave her the name of Clark where they resided, and made the contract sued upon while she was known by such name. It does seem to us that when a person by his own acts and procurement fixes the identification of another person, so far as the name is concerned, in a community where they both resided by another and different name from that by which such other person was formally known, he will be estopped in a suit by such other person against him under the new name upon a contract entered into while such other person was known by such new name from

denying, for the purpose of abating the suit, that such new name properly identifies such other person. 1 Ohio, 61; 3 Caines, 219; 2 Me. 320; 2 Miles, 355.

The opinion of the court was delivered by

HORTON, C. J.: In the court below Sarah J. Clark brought her action against Thomas J. Clark to recover the sum of $1,000 for money had and received. Thomas J. Clark answered in the nature of a plea in abatement, "that said Sarah J. Clark was named, known, and called Sarah J. Brown," and asked for judgment. To this answer, the defendant in error replied that the plaintiff in error "gave her the name of Clark, and caused her to be known by that name in the community where they lived, and where she resided at the commencement of the action." From the findings of fact returned by the jury, it appears that prior to the institution of the suit, the plaintiff in error, a married man, and the defendant in error, a married woman, eloped together from their respective homes in Indiana, and came to Neodesha, Wilson county, in this state; that at the time of such elopement the defendant in error was the wife of a man named Brown, and she herself was known by the name of Sarah J. Brown. On their arrival at Neodesha, and upon their taking up their residence there, the plaintiff in error introduced the defendant in error to the community in which they had taken up their residence as his wife, and then and there caused her to be known by the name of Sarah J. Clark, and from that time on she was known by that name, and no other, in the community where they both resided; that the said defendant in error was thus known by her assumed name of Sarah J. Clark at the time the money sued for was obtained, and so continued to be known and called.

Under the pleadings and the facts in the case, the court below committed no error in rendering judgment for the defendant in error. The real party in interest brought the action; and the record sufficiently identifies such party so far as her name is concerned as to disclose a complete bar to a

similar action between the same parties. She was known only in Kansas by the name of Sarah J. Clark; the plaintiff in error assisted to make her known by that name by his own acts and statements; she was so called when the plaintiff in error obtained the money, and had no other name in the community in which she lived. As to the length of time she has lived in Kansas, the record is silent. The weight of authority of the American cases is in favor of the conclusion we have reached, and in support of our view we refer to *Goodenow v. Tappan,* 1 Ohio, 61; *Cooper v. Burr,* 45 Barb. 9; *Petition of John Snook to change his name to John Pike,* 2 Hilt. C. P. 566.

The judgment of the district court will be affirmed.

All the Justices concurring.