## J. T. DEETS, *Sheriff*, v. A. D. SMITH.
### No. 256.

1. PARTY—*widow using husband's initials may sue in that name.* A. D. Smith died. His widow, Martha L. Smith, continued to sign her name, "A. D. Smith," in most of her business transactions. She commenced this suit in the name of A. D. Smith, and was known by this name as well as by that of Martha L. Smith. *Held*, that she is the real party in interest, and that the record sufficiently identifies such party, so far as her name is concerned, as to disclose a complete bar to a similar action between the same parties. *Clark v. Clark*, 19 Kan. 522.

2. VERDICT—*on disputed facts and conflicting testimony, sustained.* "A general jury finding based on disputed facts and conflicting testimony, and being approved by the district court, will not be disturbed." *Peacock v. Boyle*, 41 Kan. 492.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed December 22, 1897. *Affirmed.*

*J. M. Wayde* and *W. B. Brayman*, for plaintiff in error.

*Morris Cliggitt*, for defendant in error.

SCHOONOVER, J. Long Brothers obtained a judgment in the District Court of Crawford County against A. Coles and Lucy L. Coles, husband and wife. Execution was issued, and the stock of goods in controversy levied upon as the property of L. L. Coles, by the plaintiff in error who was at the time Sheriff of Crawford County. On the twenty-seventh day of June, 1892, this action in replevin was brought in the District Court of Crawford County by A. D. Smith for the possession of the goods in controversy.

The case was tried to a jury and a general verdict returned in favor of the plaintiff below. The defendant brings the case here for review, and for his first

assignment of error says, that the trial court erred in overruling the demurrer to the evidence of the plaintiff below.

The basis of the objection is, that the action was

1. Widow using husband's name. commenced in the name of A. D. Smith instead of Martha L. Smith. The evidence disclosed the fact that A. D. Smith, husband of the plaintiff, was dead. Mrs. Smith testified :

"My name is Mrs. A. D. Smith. My own initials are M. L., but my husband's were A. D. and I always used that. I am the plaintiff. . . . I said my name was M. L. Smith, or Martha L. Smith. My husband's initials were A. D. Smith and the business he left I done in ———— ·I would sign my name as A. D. Smith in most all business transactions, except in the bank."

From the evidence introduced, it is clear that the plaintiff was as well known by the name in which the suit was brought as by that of Martha L. Smith. Most all of her business transactions were in the name of A. D. Smith, and in this name she commenced this action. She was the real party in interest, and the record sufficiently identifies her, so far as her name is concerned, as to disclose a complete bar to a similar action between the same parties. *Clark v. Clark*, 19 Kan. 522.

The further argument in support of the demurrer relates to questions of fact — the general or special

2. Verdict sustained. ownership of the goods — arising from the evidence of plaintiff, which were submitted to the jury, and a general and special finding in favor of the plaintiff made.

Plaintiff in error does not contend that the claim of Long Brothers had any relation to the goods in controversy or to the transaction between Mrs. Smith and Mrs. Coles. The debt was contracted before the

defendant in error purchased the goods, and no credit was extended to Coles by Long Brothers on the claim upon which judgment was rendered and execution issued, by reason of their apparent ownership.

The evidence relating to the ownership of the goods in controversy is too voluminous for an abstract to be given.   The question was fairly submitted to the jury, and their finding in favor of the plaintiff below is supported by competent evidence, and, having been .approved by the trial court, will not be disturbed.

"A general jury finding, based on disputed facts and conflicting testimony, and being approved by the district court, will not be disturbed."   *Peacock v. Boyle*, 41 Kan. 492.

It is further contended that the trial court erred in not rendering judgment for defendant below on the special findings, and that the court erred in the instructions to the jury and in admitting incompetent testimony.   All have been considered, but no sufficient grounds for a reversal of this case are shown.

The judgment of the District Court is affirmed.