MARK MAXWELL *et al.* v. W. V. CHURCH, *as Superintendent of Insurance.*

No. 11,972. (63 Pac. 733.)

1. INSURANCE—*Revocation of Agent's License.* The license of an authorized resident insurance agent cannot be revoked by the superintendent of insurance for the reason that he divided commissions with a non-resident agent who placed with the Kansas agent insurance on property situated in this state.

2. ———— *Laws Construed and Applied.* The provisions of chapter 161 of the Laws of 1889, and sections 18 and 23 of chapter 93, Laws of 1871, construed and applied.

Original proceeding in mandamus. Opinion filed February 9, 1901. *In banc.* Peremptory writ allowed.

STATEMENT.

THIS is an application for a writ of mandamus to require the superintendent of insurance to issue licenses to plaintiffs authorizing them to act as agents for insurance companies admitted to transact business in this state, and to compel the revocation by said superintendent of an order heretofore made by him denying the right of plaintiffs to represent such companies. The offending acts charged by the superintendent of insurance against plaintiffs as such agents are stated in his return, as follows:

"Plaintiffs, on or about November 3, 1900, at Kansas City, Kan., for and on account of one Sam L. Casey, an insurance agent of Kansas City, Mo., and a non-resident of the state of Kansas, acting through one Harry Rankin, also an insurance agent of Kansas City, Mo., and a non-resident of the state of Kansas, and with the intention and for the purpose of dividing the commission with said Casey or Rankin, or both of them, did write and issue policy No. 1,657,-398 in the British America Assurance Company, for

$1500, premium $11.25, on the property of Ruddy Bros., located in Kansas City, Kan., and also one policy No. 274,579 for $1000, in the National Assurance Company, on said property, premium $7.50, both at the solicitation of and in collusion with said Sam L. Casey and Harry Rankin, but for whom and for whose solicitation and collusion said policies would not have been issued by said plaintiffs. Said conduct on the part of the plaintiffs was in direct violation of the rules and orders of the insurance department of this state, and in violation of section 18, chapter 93, Session Laws of 1871, of this state, and of section 23 of said chapter 93, and of section 1 of chapter 161, Laws of 1889, and of section 2 of said chapter 161.''

The non-resident-agency law, which defendant alleges has been violated by the plaintiffs, reads:

''The superintendent of insurance is prohibited from issuing a license or authority to write policies of fire insurance, or to solicit and obtain and transact fire-insurance business, to any person, agent, firm or corporation, unless such person, agent, firm or corporation is a legal resident of the state of Kansas at the time such authority is issued. And whenever any person, agent, firm or corporation so authorized to issue policies of fire insurance and to solicit and transact fire-insurance business shall remove from the state of Kansas, the authority issued to such person, agent, firm or corporation shall be revoked, and the same shall be null and void. (Laws 1889, ch. 161, § 1.)

''Any fire insurance company authorized to do business by the superintendent of insurance is hereby prohibited from authorizing or allowing any person, agent, firm or corporation who is a non-resident of the state of Kansas from issuing or causing to be issued any policy or policies of insurance on property located in the state of Kansas. (Laws 1889, ch. 161, § 2.)

''That whenever the superintendent of insurance shall have or receive notice or information that any fire insurance company authorized to do business

in the state of Kansas has authorized or permitted any person, agent, firm, or corporation, non-resident of the state of Kansas, to procure or issue policies of insurance on property in the state of Kansas, the superintendent shall immediately investigate or cause to be investigated the business done by any such fire insurance company so authorized to do business in the state of Kansas, whether it has permitted or allowed its fire-insurance policy or policies to be obtained and issued on property located in the state of Kansas by any agent, person, firm, or corporation, non-resident of the state of Kansas; and if any insurance company has violated any of the above provisions, such fire insurance company shall have its license or authority to do business in the state of Kansas revoked by the superintendent of insurance, and such fire insurance company shall be prohibited from doing any insurance business, or receiving authority from the superintendent of insurance to do any insurance business in the state of Kansas, for one year from the date of the revocation of such authority; and the superintendent of insurance shall cause a notice thereof to be published in any paper of general circulation published in the city of Topeka, and after the publication of such notice it shall be unlawful for any person, agent, firm or corporation of such insurance company to procure any new applications for insurance or to issue any new policies." (Laws 1889, ch. 161, § 3; Gen. Stat. 1899. §§ 3327–3329; Gen. Stat. 1897, ch. 74, §§ 71–73.)

The plaintiffs have demurred to the return of the superintendent to the alternative writ.

*A. A. Godard,* attorney-general, and *J. S. West,* for defendant.

*L. C. Boyle, J. D. McCue,* and *A. F. Williams,* for plaintiffs.

The opinion of the court was delivered by

SMITH, J.: Section 1 of the non-resident-agency law, set out in the statement, prohibits the superintendent of insurance from issuing a license to a non-resident agent, and provides that when a resident agent removes from the state the authority theretofore given shall be revoked. An order made by the superintendent under this section operates directly against the agent himself. Section 2 of the act prohibits any fire insurance company from authorizing or allowing any person, agent, firm or corporation, being a non-resident of this state, from issuing or causing to be issued any policy of insurance on property located in Kansas. The prohibition of this section applies to the offending insurance companies, and not their agents. The same may be said of section 3. The authority of the superintendent under said section is confined to a revocation of the license of the insurance company in case it has permitted any person or agent, a non-resident of this state, to procure or issue policies of insurance on property in Kansas. It will be seen that, except in the first section of the law, no power over the licenses of agents is given to the superintendent of insurance. It is clear that the acts of the superintendent of insurance were not justified under chapter 161 of the Laws of 1889.

In the return the defendant avers also that plaintiffs have violated sections 18 and 23 of chapter 93, Laws of 1871. This act is entitled "An act to establish an insurance department in the state of Kansas, and to regulate the companies doing business therein." Section 18 (Gen. Stat. 1899, § 3260; Gen. Stat. 1897, ch. 74, § 123) reads:

"SEC. 18. It shall be unlawful for any person, company or corporation in this state, either to procure,

receive or forward applications for insurance in any company or companies not organized under the laws of this state, or in any manner to aid in the transaction of the business of insurance with any such company, unless duly authorized by such company and licensed by the superintendent of insurance, in conformity to the provisions of this act; and any person violating the provisions of this section shall be liable to a penalty of five hundred dollars for each offense, to be collected as other penalties under this act."

This section could be better understood if it followed the succeeding section 19. We think it should be read as a part of or as supplemental to section 19, and in that connection its penalties are visited on agents of foreign insurance companies doing business in Kansas without due authority from the companies they claim to represent, *and* unless licensed as agents by the superintendent of insurance. Section 23 (Gen. Stat. 1899, § 3265; Gen. Stat. 1897, ch. 74, § 122) of the same act provides :

"SEC. 23. The provisions of this act shall apply to individuals and partners, and to all companies and associations, whether incorporated or not, now or hereafter engaged in the business of insurance. It shall be unlawful for any company, corporation or association, whether organized in this state or elsewhere, either directly or indirectly, to engage in the business of insurance, or to enter into any contracts substantially amounting to insurance, or in any manner to aid therein, in this state, without first having complied with all the provisions of this act. And any corporation, company or association violating the provisions of this section, and any individual, company, association or corporation aiding in any manner, either as agent or otherwise, in such violation, shall be liable to a penalty of five hundred dollars, to be collected as other penalties under this act."

It is apparent that the purpose of section 23 is to prohibit the business of insurance being carried on by

any company without having first received a license so to do from the superintendent of insurance. It has no application to companies that are licensed and have complied with all the provisions of the statute.

We find no provision of law which justifies the defendant in revoking the licenses of plaintiffs for the reasons given in the return of the superintendent of insurance to the alternative writ.

A peremptory writ of mandamus will be allowed.