No. 40,579

LEWIS V. KING, *Appellee*, v. EL DORADO MOTOR COMPANY (NOFF-SINGER MOTORS), *Appellant*, and CARL MURRAY, "HOBE" MURRAY and RUTH A. MURRAY, d/b/a MURRAY INSURANCE AGENCY, and BITUMINOUS CASUALTY CORPORATION, *Appellees*.

(311 P. 2d 999)

Opinion filed June 8, 1957.

*Robert N. Partridge*, of Wichita, argued the cause, and *George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert M. Siefkin,* and *Richard C. Harris,* all of Wichita, were with him on the briefs for the appellant.

*George Stallwitz* and *Richard W. Stavely,* both of Wichita, argued the cause, and *R. C. Woodward* and *H. Pauline Woodward,* both of El Dorado, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, Ralph M. Hope,* and *Charles S. Lindberg,* all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This case stems from a workmen's compensation proceeding in which the district court awarded compensation to an employee against the employer only. The employer appeals from the judgment and decision of the trial court denying an award against an insurance broker.

Lewis V. King sustained accidental injuries arising out of and in the course of his employment on June 22, 1954, while working for E. L. Noffsinger, d/b/a Noffsinger Motors and/or El Dorado Motor Company. Thereafter he instituted proceedings for compensation under provisions of the Workmen's Compensation Act, naming Noffsinger and Bituminous Casualty Corporation as respondents. Subsequently Noffsinger filed with the Commissioner an application to make Carl Murray, "Hobe" Murray and Ruth A. Murray, d/b/a Murray Insurance Agency, additional respondents on the ground that Bituminous or the additional parties named, either or all, were obligated to provide him with a defense to the action and to pay claimant any compensation due under the Workmen's Compensation Act. This application was granted.

In due time the Commissioner heard the evidence and made findings which, so far as now important, are (1) that claimant was entitled to compensation; (2) that Noffsinger was governed by the Workmen's Compensation Act; (3) that Carl Murray, d/b/a Murray Insurance Agency, by reason of the activities and representations of his agents, was equally responsible with Noffsinger for payment of the compensation due claimant; and (4) that Bituminous was absolved from any responsibility since its coverage had expired prior to the date of the accident in question and it was in no way bound by the activities of either Noffsinger or the Agency.

After making the foregoing findings the Commissioner made an award which, omitting paragraphs relating to medical and hospital expenses and fees assessed as costs of the proceeding, reads:

"Wherefore, Award of Compensation is hereby made in favor of the claimant, Lewis V. King, and against the respondents, E. L. Noffsinger d/b/a El Dorado Motor Company or Noffsinger Motors, and Carl Murray d/b/a Murray Insurance Agency, for total loss of vision of the right eye, being 110 weeks at $28 per week, or $3,080.00. Compensation now due and owing to June 5, 1956, being 101 weeks at $28 per week, or $2,828.00, is hereby ordered paid in one lump sum, less $130.00 heretofore paid. The balance of the compensa-

tion awarded this claimant is ordered paid at the rate of $28 per week until fully paid, or until the further order of the Commissioner.

.  .  .  .  .  .  .  .  .  .  .  .  .

"Award of Compensation in favor of the claimant and against the Bituminous Casualty Corporation is hereby Denied.
                                                                                    "

.  .  .  .  .  .  .  .  .  .  .  .  .

The agency appealed to the district court of Butler County where the case was heard in conformity with the provisions of G. S. 1949, 44-556. Thereafter, according to the abstract, the court rendered the following decision:

"The Workmen's Compensation Commissioner awarded compensation in favor of claimant, Lewis V. King, against respondents E. L. Noffsinger, d.b.a. El Dorado Motor Company or Noffsinger Motors, and Carl Murray d.b.a. Murray Insurance Agency. Respondent Carl Murray has perfected his appeal to the District Court of Butler County, Kansas. The parties have waived oral argument and submitted the case upon briefs.

"So far as the facts of the case as shown by the transcript of the evidence are concerned, I am in substantial agreement with the facts found by the Commissioner as used by him in making his award.

"The question involved here is: Did the Workmen's Compensation Commissioner have jurisdiction and authority to make an award in this case against Carl Murray, d/b/a Murray Insurance Agency?

"Appellant Murray contends that the Commissioner had no such authority for the reason that Murray was not the workman, the employer nor the insurance carrier.

"Respondent Noffsinger contends that the Workmen's Compensation Act establishes a procedure of its own and that such procedure furnishes a remedy which is substantial, complete and exclusive in all compensation cases, and that it was the intent and purpose of the Act to cover every phase of the injured employee's right to compensation and the procedure for obtaining that compensation.

"I do not consider it necessary to go into the question of the legal liability of Murray to Noffsinger as a matter of substantive law. I am of the same opinion as the Commissioner as to the facts and legal liability between Murray and Noffsinger. The question to be considered is whether claimant King can have an award against Murray in this proceeding and whether the commissioner has jurisdiction.

"I am of the opinion that the Workmen's Compensation Commissioner does not have jurisdiction of the insurance broker.

"Respondent Noffsinger cites the case of *Employers Liability Assurance Corporation, Ltd., v. Matlock*, 151 Kan. 293, and I believe that a great deal of the solution of the problem can be obtained from an analysis of that case. The court held that the Commissioner did have jurisdiction to hear all phases of the case, including the question between the insurer and employer as to whether an insurance policy should be canceled. However, the Supreme Court in that case makes reference to the provisions of G. S. 44-559, which provides that every policy of insurance shall provide that the insurer shall be a party to all proceedings under the act and his appearance entered therein.

The court also made reference to G. S. 40-1109 (*m*). It seems clear that the Commissioner has jurisdiction of an insurer because the statute provides for it, and, moreover, because an insurer must comply with the statutes in order to do business.

"Respondent Murray, however, is not an insurer, and there is no evidence that either of the parties ever considered him as one. I do not find any provision in the statute requiring that an insurance agent or broker submit to the jurisdiction of the Workmen's Compensation Commissioner. The persons over whom the Commissioner has jurisdiction is established by statute and cannot be enlarged by the Commissioner or this court. Moreover, the cause of action which Noffsinger appears to have against Murray seems to be one triable at common law and therefore one in which a jury trial is a matter of right. Cases cited concerning the extensive jurisdiction of the Commissioner have, so far as I can observe, been concerned with statutory or equitable matters. It can be observed that this very Act has seemed to preserve the constitutional right involved, as indicated, for example, by G. S. 44-504.

"Whether the proposition last stated in the preceding paragraph is correct or not, it is nevertheless my opinion that the Commisioner did not have jurisdiction to make the award against Murray and that the part of the award of the Commissioner against Murray should be disaffirmed.

"It will therefore be the finding of this court that the Claimant, Lewis V. King, suffered injury by accident arising out of and in the course of his employment on June 22, 1954, resulting in total loss of vision in the right eye, for which he is entitled to compensation for 110 weeks at the rate of $28.00 per week. In addition thereto, the claimant is entitled to medical expense as follows: . . . It will be the further finding of the court that E. L. Noffsinger, d. b. a. El Dorado Motor Company or Noffsinger Motors, was governed by the Kansas Workmen's Compensation Act, at the time of the injury. . . .

"Judgment in accordance with these findings, awarding compensation to Lewis V. King against E. L. Noffsinger d. b. a. El Dorado Motor Company or Noffsinger Motors will be entered at El Dorado, Kansas, on October 29, 1956, at 9:00 o'clock a. m., at which time said judgment will be effective."

The record further discloses that subsequent to the foregoing decision Noffsinger gave timely notice of an appeal to this court from the rulings, decisions and awards made and entered by the district court on the date indicated in the last paragraph of the heretofore quoted decision.

Supplementing what has been heretofore related the factual aspects of this case will be simplified by stating that the award in favor of claimant and against Noffsinger is not involved; that the parties concede Bituminous has been absolved from liability and is not to be considered as a party interested in the outcome of the appeal; that the award of the Commissioner and the decision of the district court were based on evidence which, although it is hotly

disputed, was sufficient to support the finding of the Commissioner that, through some side arrangement or contract between Noffsinger and Murray, who is conceded not to have been authorized, as an insurance broker, or otherwise, to transact the business of workmen's compensation insurance in Kansas, Murray (hereinafter referred to as the appellee) agreed with Noffsinger (hereinafter referred to as appellant) to personally carry the latter's compensation insurance; that no one contends the negotiations between Noffsinger and Murray culminated in the execution of any policy of insurance; and that the real intent and purpose of the instant appeal is to establish appellee's liability under such arrangement or contract in a workmen's compensation proceeding.

Having outlined the essential facts it can now be stated that the sole issue involved on appellate review, under appellant's single specification of error and the question as posed by each of the parties, is whether the Workmen's Compensation Commissioner has jurisdiction to enter an award against an insurance agent or broker who undertakes the workmen's compensation insurance coverage of an employer.

Upon careful consideration of the briefs, the arguments advanced and the decisions cited by the parties, we have reached the conclusion that, under the existing facts and circumstances, there are a number of reasons why the trial court's decision that the Commissioner had no jurisdiction to enter such an award against the appellee is sound and must be upheld.

In the first place, the Workmen's Compensation Act itself requires that every employer shall secure compensation to his employees by insuring in one of two ways, namely, by insuring and keeping insured the payment of compensation with a company authorized to transact the business of workmen's compensation insurance in the State of Kansas or by showing the Commissioner that he is qualified as a self insurer to pay such compensation (G. S. 1949, 44-532). Moreover such Act specifically provides (G. S. 1949, 44-559) that every policy of insurance against liability under the Act shall be in accord with its provisions and shall be in a form approved by the Commissioner of Insurance. In addition it requires such policy shall contain an agreement that the insurer accepts all provisions of the Act, that the same may be enforced by any person entitled to any rights thereunder, that the insurer shall be a party to all agreements or proceedings under its terms, and

that his appearance may be entered therein and jurisdiction over his person obtained as in the Act provided. When these two sections are considered together we think it is clear the Legislature not only meant to make certain the type of insurance required to protect a workman under the Act but intended to limit jurisdiction of the Commissioner in a compensation proceeding to insurance companies executing policies of compensation insurance in form as contemplated by its terms.

In the second, we are constrained to the view, that from the standpoint of public policy, the Act must be construed as just indicated. To hold otherwise and place our stamp of approval, even by implication, on side arrangements or agreements between an employer and third parties, who are in no way qualified to transact the business of workmen's compensation insurance, would permit employers to violate the express provisions of 44-532, *supra*, and in many cases, due to financial irresponsibility of the third parties, work a hardship on workmen covered by the Act instead of protecting them.

Next we are cited to no decisions recognizing that in a compensation proceeding under our Act, and for that matter under any other compensation Act, the Commissioner has jurisdiction to hear and determine the rights and liabilities of an employer and an insurance agent or broker under the terms of a side arrangement or agreement such as is here involved. In that situation we may well assume appellant's counsel, after diligent search, have been unable to find any. ( *McCoy v. Fleming*, 153 Kan. 780, 783, 113 P. 2d 1074; *Simeon v. Schroeder*, 170 Kan. 471, 475, 227 P. 2d 153; *Ehrhart v. Spencer*, 175 Kan. 227, 233, 263 P. 2d 246.) In fairness it should be here stated that counsel for appellees have cited no case, in support of their position, which can be regarded as a controlling precedent and our somewhat extended search of the decisions has failed to disclose any. Hence, the case at bar must be regarded as one of first impression in this jurisdiction.

Finally, even on the basis of strained construction, we do not find anything in the Act giving the Commissioner power and authority to make the involved award. Indeed, in the face of our view respecting the consequences flowing from approval of action of that character in a compensation proceeding, if such a construction were possible we would refuse to make it for reasons previously indicated.

The judgment is affirmed.