No. 34,605

RAYMOND STEGMAN, *Appellee* and *Cross-appellant,* v. THE OFFERLE COÖPERATIVE GRAIN AND SUPPLY COMPANY, *Appellant* and *Cross-appellee.*

(100 P. 2d 635)

Opinion filed April 6, 1940.

*E. C. Minner,* of Dodge City, and *A. L. Moffat,* of Kinsley, for the appellant.

*John A. Etling* and *W. N. Beezley,* both of Kinsley, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for the alleged breach of an implied warranty of variety and fitness for spring planting of barley seed sold plaintiff by defendant. The trial court made findings of fact and rendered judgment for plaintiff. Defendant has appealed.

Most of the facts were stipulated. The court found that on March 23, 1938, plaintiff purchased from defendant seed barley with which to plant sixty-five acres of cultivated ground; that defendant knew plaintiff intended to plant the seed as spring seed barley at the time he purchased the barley; that the barley was in fact winter seed barley; that plaintiff knew the barley had not been tested for seed purposes, as required by statute (G. S. 1935, 2-1416), at the time he purchased it. Plaintiff planted this barley seed in parts of two separate fields, the other parts of each field being planted with spring barley seed. The winter barley seed germinated and the plants grew until about six inches high and then began to vine over, but did not mature and produce seed. From the parts of the field sowed with spring barley seed the court computed the net value to plaintiff of the crop which would have been produced on that part of the field sowed with winter barley seed and found that to be $187.92. The court found, as its conclusions of law, that there was an implied warranty that the barley seed sold to plaintiff was spring barley at the time of the sale; that our statute (G. S. 1935, 2-1416) was passed for the protection of the purchaser, and, since the statute assessed no penalty against the purchaser for violation of it, the parties were not in *pari delicto*; that the law was not violated by the purchaser and therefore the fact that the plaintiff knew the barley seed had not been tested would not bar his recovery, and further concluded that plaintiff was entitled to recover his damages, found to be $187.92, and rendered judgment accordingly. Defendant filed a motion to set aside the conclusions of law, and that it have judgment, and also filed its motion for a new trial. Both motions were overruled.

Appellant argues that the law will not imply a warranty of quality or fitness of grain purchased for seed when the purchaser of

the grain has knowledge that such grain was not tested and labeled, as required by the statute, and the sale of such grain for seed is prohibited by law. The general rule is that where one sells grain for seed, knowing the purchaser desires to use it for that purpose, there is an implied warranty that it is suitable for that purpose. (*Shaw v. Smith*, 45 Kan. 334, 25 Pac. 886; *Kaull v. Blacker*, 107 Kan. 578, 583, 193 Pac. 182; *Challis v. Hartloff*, 136 Kan. 823, 828, 18 P. 2d 199.) In the annotation in 16 A. L. R. 859, at pages 867 and 869, and again in 117 A. L. R. at 470, a number of cases to the same effect are collected. Appellant in its brief concedes that prior to the enactment of our statute (G. S. 1935, 2-1415 *et seq.*) there was such an implied warranty, at least under some circumstances, but argues this statute makes it an offense for one to sell seed for planting that has not been tested and has not been labeled as provided in the statute. The court found that plaintiff knew the barley had not been tested for seed purposes, as required by the statute, when he purchased it. Appellant argues that plaintiff assisted defendant in violating this statute; that this is a penal statute (G. S. 1935, 2-1422), hence that plaintiff assisted defendant in committing an offense under the laws of our state; and that he stands in *pari delicto* with defendant and cannot recover for that reason. In the annotation on this question, in 120 A. L. R. 1461, it is said:

"The general rule that neither party to an illegal transaction may take any proceeding against the other for the restoration of property or for the repayment of money transferred or paid in the course of the transaction is subject to an exception in favor of persons for whose protection the law made the transaction illegal."

Many cases are cited, including some of our own. (See *Mason v. McLeod*, 57 Kan. 105, 45 Pac. 76; *Latham v. Harrod*, 71 Kan. 565, 569, 81 Pac. 214; *Marshall v. Beeler*, 104 Kan. 32, 38, 178 Pac. 245; *Fitzpatrick v. Bean*, 128 Kan. 347, 350, 278 Pac. 6.) Our statute requiring the seller of grain for seed or seeding purposes to test and label the same, or incur penalties, is a statute obviously designed for the benefit or protection of buyers. The statute attaches no penalty against the purchaser of seed under such circumstances, and to do so would in fact destroy the purposes of the act.

Appellant complains that the court took as its measure of plaintiff's damages the net value to him of the crop which he would have raised had the seed been what he thought it was at the time he purchased it. Under different sets of facts the courts have used or approved the use of different measures of damages, the theory in each

instance being to use the measure of damages which will enable plaintiff to be recompensed for the loss he has sustained. The measure of damages used in this case has met the approval of courts in many cases. See the cases collected in 16 A. L. R. 887 *et seq.;* also 117 A. L. R. 480. We think there was nothing seriously wrong with the measure of damages used by the court in this case. Appellant cites and relies strongly on *Horn v. Elgin Warehouse Co.,* 96 Ore. 403, 190 Pac. 151. There, in a somewhat similar case, the jury had returned a verdict for defendant. The supreme court found several reasons why the judgment should be affirmed. There was in force in that state a statute which required grain sold for seed to be inspected. Plaintiff testified that he knew when he was purchasing the grain that the seller was not selling it for seed. Upon that evidence the court held there was no express warranty of its quality or variety. The case is not in point. Here, defendant knew plaintiff was buying the seed to sow as spring barley.

Appellee has a cross-appeal on the amount of recovery. One item sought to be recovered by plaintiff was the value of the threshed straw which he would have had if the grain purchased as seed had been spring barley. He testified, however, that the straw had no market value, but stated that it had a value to him of a certain figure. The court did not allow the full amount of the figure named by plaintiff for the value of the straw. We think there is no error in this respect of which appellee can complain.

The judgment of the court below is affirmed.