71   565
s77   467

THE LATHAM MERCANTILE AND COMMERCIAL COM-
PANY V. T. H. HARROD *et al.*

No: 14,162.   (81 Pac. 214.)

SYLLABUS BY THE COURT.

1. INSURANCE—*Company not Licensed—Insolvency—Agent's Liability.* A firm of agents representing several fire-insurance companies were requested by an officer of a corporation owning goods in this state to insure them in a No. 1 company. The agents caused the goods to be insured in a company not licensed to do business in this state. A loss occurred, but the amount of the policy was not collected, by reason of the insolvency of the insurance company. *Held,* that the agents were liable to the insured for the amount of the policy.

2. ———— *Statute Applies to Fire Insurance.* Sections 18 and 23 of chapter 93 of the Laws of 1871 (Gen. Stat. 1901, secs. 3381, 3386) have application to fire-insurance companies and their agents, and were enacted for the benefit of insurers.

3. ———— *Insured not Estopped.* A policy-holder in a fire-insurance company not authorized to transact business in this state is not *in pari delicto* with the company or its agents.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 10, 1905. Reversed.

*Jackson & Noble,* and *P. H. Guy,* for plaintiff in error.

*Hackney & Lafferty,* for defendants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: Harrod & Hanlen were agents for several fire-insurance companies. The Latham Mercantile and Commercial Company was a corporation, and for several years had placed its insurance business in the hands of these agents. In June, 1901, a policy issued on the goods of plaintiff in error

by the German Insurance Company, a company authorized to do business in this state, was canceled by the latter. Thereupon the mercantile company wrote to Harrod & Hanlen requesting fire insurance for the amount covered by the canceled policy, stating that it expected them to write it in a No. 1 company. A few days later defendants in error sent plaintiff in error a policy, written in Chicago by the Mercantile Fire Insurance Company, of that city, insuring its property to the amount of $2000. The agents took no steps to ascertain whether this company had authority to take risks in Kansas. Within a month the property insured was destroyed by fire. Action on the policy was prosecuted to judgment in Illinois, but nothing was collected because of the insolvency of the company.

This was an action to recover from the insurance agents the amount of the policy. Plaintiff below was awarded nominal damages only, and comes here complaining that the trial court committed substantial errors to its prejudice.

Two sections of the statute have relation to the question involved. They are sections 18 and 23 of chapter 93 of the Laws of 1871, as follow:

"It shall be unlawful for any person, company or corporation in this state either to procure, receive or forward applications for insurance in any company or companies not organized under the laws of this state, or in any manner to aid in the transaction of the business of insurance with any such company, unless duly authorized by such company and licensed by the superintendent of insurance, in conformity to the provisions of this act; and any person violating the provisions of this section shall be liable to a penalty of five hundred dollars for each offense, to be collected as other penalties under this act." (Gen. Stat. 1901, §3381.)

"The provisions of this act shall apply to individuals and partners, and to all companies and associations, whether incorporated or not, now or hereafter en-

gaged in the business of insurance. It shall be unlawful for any company, corporation or association, whether organized in this state or elsewhere, either directly or indirectly to engage in the business of insurance, or to enter into any contracts substantially amounting to insurance, or in any manner to aid therein, in this state, without first having complied with all the provisions of this act. And any corporation, company or association violating the provisions of this section, and any individual, company, association or corporation aiding in any manner, either as agent or otherwise, in such violation, shall be liable to a penalty of five hundred dollars, to be collected as other penalties under this act." (Gen. Stat. 1901, §3386.)

It is the contention of counsel for defendants in error that these sections of the law, by the order of their arrangement in chapter 93 of the Laws of 1871, can have reference to life-insurance companies and agents only. The title reads:

"An act to establish an insurance department in the state of Kansas, and to regulate the companies doing business therein."

At the beginning of section 25 the words "insurance other than life" appear. It is argued that this title necessarily excludes what precedes in the act from any application to fire-insurance companies. We do not think so. That part of the act before section 25 has general application to insurance companies, both fire and life. In fact companies "other than life" are expressly mentioned in section 9, and fire companies in section 13. In section 10 reference is made to both. In *Hartford Fire Ins. Co. v. The State,* 9 Kan. 210, it was taken for granted that sections 22 and 23 applied to fire-insurance companies. In *Maxwell v. Church,* 62 Kan. 487, 63 Pac. 738, sections 18 and 23, now under consideration, were treated by both court and counsel as having relation to fire-insurance companies.

Defendants below were guilty of an unlawful act

in procuring insurance for plaintiff in error in a company not authorized to do business in the state. It was their duty to know whether the company they represented had complied with the laws of Kansas admitting it to take risks here. (*McCutcheon v. Rivers*, 68 Mo. 122.) The following cases sustain the doctrine of personal liability of insurance agents under facts similar to those in the case at bar: *Landusky v. Beirne*, 80 Hun, App. Div., 272, 80 N. Y. Supp. 238; *Morton v. Hart Bros.*, 88 Tenn. 427, 12 S. W. 1026; *Hartman v. Hollowell*, 126 Iowa, 643, 102 N. W. 524.

It is insisted that the pary insured, having accepted a policy in a foreign company illegally transacting business in this state, was in equal wrong with defendants, which prevents a recovery against them. The present case does not fall within the rule invoked by counsel. The statutory provisions set out above were enacted for the protection of the insured. The whole scheme of our law relating to foreign insurance companies is that the question of their solvency shall be investigated and determined before a license is issued permitting them to insure the property of our citizens. Such precautionary measures give assurance to a policy-holder, not only that the company is solvent, but in case of its neglect or refusal to pay a loss that it is subject to the jurisdiction of our courts.

"Where contracts or transactions are prohibited by a positive statute enacted for the sake of protecting one set of men from another set of men (the one from their situation and condition being liable to be imposed on by the other), the parties have been held not to be *in pari delicto,* and in furtherance of such a statute the person for whose protection the statute was enacted has been permitted after the transaction is finished to recover the money or property parted with by him." (15 A. & E. Encycl. of L. 1004.)

At page 552 of volume 9 of the Cyclopedia of Law and Procedure the rule is thus stated:

"The complaining party is especially protected by

the law where the agreement is not illegal *per se*, but is merely prohibited, and the prohibition was intended for his protection, and in such case, not being *in pari delicto*, he is entitled to relief. The fact that the penalty is imposed on one of the parties alone shows clearly that the law does not consider them *in pari delicto*."

(See, also, *Mason v. McLeod*, 57 Kan. 105, 45 Pac. 76, 41 L. R. A. 548, 57 Am. St. Rep. 327; *The Union Central Life Insurance Co. et al. v. Thomas*, 46 Ind. 44; *Deming and another v. The State, on the relation of Miller*, 23 id. 416; *Savings Bank v. Burns*, 104 Cal. 473, 38 Pac. 102; *Bowditch v. New England Life Ins. Co.*, 141 Mass. 292, 4 N. E. 798, 55 Am. Rep. 474.)

A recovery for loss may be had against a foreign insurance company issuing a policy on property in this state, although it was not licensed to transact business here. (*Germania Ins. Co. v. Curran*, 8 Kan. 9; *Ganser v. Fireman's Fund Ins. Co.*, 34 Minn. 372, 25 N. W. 943; *Swan v. Watertown Fire Ins. Co.*, 96 Pa. St. 37.)

The policy in this case was issued to the Latham Mercantile Company, while the corporate name of plaintiff below is the Latham Mercantile and Commercial Company. There was proof that the concern transacted business for convenience under the shorter name. The identity of the insured and the property was established. At page 278 of volume 14 of the Encyclopedia of Pleading and Practice it is said:

"There is nothing so sacred in a name that right and justice should be sacrificed to its sanctity. So a person may sue in any name in which he may contract, as well as in any name by which he is generally known."

(See, also, *Clark v. Clark*, 19 Kan. 522.)

Having shown that the parties were not in equal wrong, the point made that the insurance agents divided their commission with plaintiff in error be-

comes an immaterial consideration. It would not affect the case had they received no commission.

There is no merit in the claim that the testimony failed to show defendants to be partners. Such proof was unnecessary. The petition charged them as partners, and each of them in his separate answer expressly admitted the fact.

The judgment of the court below is reversed, and a new trial ordered.

All the Justices concurring.