No. 24,242.

HOWARD CUSHENBERRY, *Appellee,* v. FRANK GRECIAN, *Appellant.*

SYLLABUS BY THE COURT.

1. DAMAGES—*Neglect to Write Insurance After Receiving Premium Therefor.* There was no error in the instruction of the court concerning the amount of recovery.

2. SAME—*Judgment—"Substantial Justice."* A judgment will not be reversed on the appeal of the party against whom judgment has been rendered where substantial justice has been done and the error urged by the appellant is that the judgment is less than it should have been.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed February 10, 1923. Affirmed.

*James O. McVey,* of Hill City, and *C. L. Thompson,* of Hoxie, for the appellant.

*John Q. Sayers,* of Hill City, and *F. E. Young,* of Stockton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for $350 against the defendant, an insurance agent, for the loss of a dwelling house by fire after the defendant had been instructed to write a policy of insurance on the house and had received the premium therefor and had agreed to write the insurance but failed and neglected so to do. The defendant appeals.

The defendant was also a loan agent. As such, he had placed a loan on the property of the plaintiff. It was necessary that insurance be placed on the house in the sum of $400. The defendant had deducted the amount of the premium, $12, from the amount of the loan, and had agreed to write the insurance. He did not write it. The house burned during the time for which the policy should have been issued. The plaintiff sought to recover his insurance from the defendant. He paid the plaintiff $50. The plaintiff testified that the $50 was a donation, while the defendant testified it was a donation and settlement of the insurance.

1. One of the contentions of the defendant is that the court committed error in giving the following instruction:

"You are instructed that if you find a verdict for the plaintiff in this case the same cannot exceed the sum of $400, together with 6 per cent interest thereon from the 20th day of November, 1920, and if you do not find for the plaintiff, you will return a general verdict for the defendant."

It is urged that there was no evidence on which to base the instruction. The court cannot agree with the defendant and is unable to perceive wherein the instruction was erroneous.

2. Another contention of the defendant is that the plaintiff was entitled to judgment for $400 or nothing. There is no question about the liability of the defendant for the damage sustained by the plaintiff by reason of the defendant's failure to write the insurance. (*Latham v. Harrod,* 71 Kan. 565, 81 Pac. 214; *Rezac v. Zima,* 96 Kan. 752, 153 Pac. 500.) The policy of insurance was to have been for $400. When the property burned that was the amount the plaintiff was entitled to receive. The defendant either paid or gave to the plaintiff $50. It would not be right to compel him to pay $400 in addition. The jury evidently took that view of the case and rendered a verdict for $350. Section 581 of the code of civil procedure, in part, reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court."

This statute prevents a reversal of the judgment in this case on the ground urged by the defendant. (*Hamilton v. Ry. Co.,* 95 Kan. 353, 359, 148 Pac. 648; *Cox v. Chase,* 99 Kan. 740, 748, 163 Pac. 184; *Hess v. Hess,* 104 Kan. 207, 209, 178 Pac. 750.) Substantial justice has been done, and the defendant has no just cause for complaint.

The judgment is affirmed.

Dawson, J., not sitting.