No. 26,311.

C. G. SMITH, *Appellant,* v. HARTFORD FIRE INSURANCE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACTS—*Agreement—Necessity For.* Before there can be a recovery on a contract the elements thereof must have been agreed upon and none of the essential parts left open and undetermined.

2. INSURANCE—*Scope and Extent of Agency.* In the absence of a provision to the contrary an insurance agent is not acting within the scope of his authority when he agrees with the insured that a credit on his personal and private debt to the insured shall be treated as payment of a premium.

3. SAME—*Payment of Premium—Method of Payment.* Such an arrangement is not a payment of the premium, and where there is no remittance of the premium to the insurance company, and it has no knowledge of the transaction and has given it no recognition, no recovery can be had against the insurance company on the basis of such an arrangement.

Contracts, 13 C. J. p. 264 n. 81, 82. Insurance, 32 C. J. pp. 1064 n. 7, 1201 n. 40, 1203 n. 48; L. R. A. 1915A 686; 14 R. C. L. 965.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion filed January 9, 1926. Affirmed.

*F. A. Sloan*, of Hoxie, and *W. L. Sayers*, of Hill City, for the appellant.

*M. A. Fyke, Fenton Hume* and *Harry A. Hall*, all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought against the Hartford Fire Insurance Company for failure to complete a contract of insurance and because of the failure of the company or its agent to advise the plaintiff of the failure. The plaintiff stated what he deemed to be a cause of action on the violation of an agreement made with an agent of the company. In effect he alleged that R. W. Trimble, an agent of the defendant, solicited the taking out of insurance on plaintiff's automobile, and agreed to insure it against fire or theft for a period of a year on a valuation of $500 for a premium, the amount of which the agent was not advised, but which he stated would be somewhere between $7 and $8. Trimble proposed that the premium should be paid by the plaintiff giving him a credit on a bill for merchandise which he owed plaintiff. It was alleged that plaintiff accepted the proposal and afterwards entered a credit on Trimble's indebtedness to him in the amount of $7.50, subject to change in case Trimble ascertained that the premium charge was a different sum. He alleged that he relied on the agreement, and later, when he drove his automobile to Colorado, it was stolen, and when he notified Trimble of the theft the latter told him that no application for insurance had ever been sent to the insurance company, and that the automobile was not insured. For the failure of Trimble to complete an insurance contract and to notify plaintiff that no insurance had been procured, damages in the sum of $500 were asked. The trial court ruled that a cause of action against the insurance company had not been stated.

In his appeal plaintiff insists that Trimble was an authorized agent of the company and that the extension of a credit to him on his personal account was the equivalent of an actual payment of the premium to the company. From the averments of the petition it appears that no written application for insurance was signed by plaintiff. In the conversation between plaintiff and Trimble it appears that the amount of the premium payable was not known or fixed. It was said that it would range between $7 and $8, and later

when the plaintiff entered a credit on the account he guessed and placed the amount of $7.50. Before a valid contract can be consummated the elements thereof must have been agreed upon and nothing left open and undetermined. Here the cost of the insurance had not been fixed, and there was only a conjecture as to what the amount might be. Both plaintiff and Trimble understood that this essential feature of the contract had been left open and unsettled. Then there is the question whether an agreement by Trimble to procure insurance for plaintiff in order to satisfy an indebtedness of his own to plaintiff is enforcible against the insurance company where no remittance is made to the company and there has been no knowledge or recognition of a contract by it. If an agreement had been completed, Trimble might have been liable to the plaintiff for noncompliance (*Latham v. Harrod,* 71 Kan. 565, 81 Pac. 214), but under the circumstances stated can there be a recovery against the insurance company? While it was alleged that Trimble was an authorized and acting agent of the insurance company, there was no averment that he had been given authority to cancel his own indebtedness in payment of premiums. Obviously the scope of the agency did not warrant the taking of the company's money to pay his personal and private debts, and no other payment by plaintiff was contemplated. The plaintiff had full knowledge of the nature of the transaction, and sought to collect the claim against Trimble at the expense and without the knowledge or consent of the insurance company. Such an arrangement would operate as a fraud upon the company. In *Clingerman v. Pheasant,* 18 Pa. Co. Ct. 203, it was said:

"To sanction payment of a premium in a case where the agent had not already advanced the same to the company, by assuming to pay an individual debt of an agent, would be to introduce a principle subversive of good morals and common honesty and intending to sap the ability of companies to pay their legitimate losses."

The cancellation of Trimble's debt cannot be regarded as a payment of the premium nor can it be made the basis of a recovery against the insurance company. (L. R. A. 1915A 686 and cases cited; 14 R. C. L. 965.) If Trimble after securing the credit had remitted the amount to the insurance company which was accepted by it, a different rule would apply.

We conclude that a cause of action was not stated in plaintiff's petition and therefore the judgment is affirmed.