No. 46,331

Jo Ann Janice Keith, in her own behalf and as Conservator of the Estate of Larry Dean Otta, Gary Lynn Otta, Debra JoAnn Otta and Danny Ray Otta; and Joy Buehler, in her own behalf and as parent, next friend and natural guardian of Dale Dean Higby, Brian Lee Higby, Roland Jay Buehler, Catherine Mechille Buehler and Perry Lynn Buehler, *Appellants*, v. Schiefen-Stockham Insurance Agency, Inc. and Glenn F. Stockham, Jr., *Appellees*.

(498 P. 2d 265)

Opinion filed June 10, 1972.

*Kenneth Clark*, of Hill City, argued the cause, and *Terry Relihan*, of Relihan, Relihan and Relihan, of Smith Center, was with him on the briefs for the appellants.

*John J. Alder*, of Overland Park, argued the cause, and *Richard D. Rixner*, *Donald L. Zemites*, and *Jerald R. Long*, all of Overland Park, and *Leon E. Roulier*, of Colby, were with him on the briefs for the appellees.

The opinion of the court was delivered by

KAUL, J.: Plaintiffs-appellants appeal from a judgment of the trial court sustaining a motion of defendants-appellees to dismiss on the ground the petition failed to state a claim upon which relief could be granted. (K. S. A. 1971 Supp. 60-212 [*b*] [6]). The trial court did not specify the reasons for its ruling.

This litigation stems from the tragic deaths of Lionel D. Otta and Walter R. Buehler who were killed on the Kansas Turnpike when the truck they were operating struck a bridge abutment near Wichita. Plaintiffs are the surviving spouses and minor children of the two deceased. The truck was owned by Leslie L. Johnson, employer of the two deceased. Following the accident, the widow and minor children of Mr. Otta instituted a workmen's compensation proceeding against Johnson and his alleged insurance carrier, State Automobile and Casualty Underwriters. The trial court, in that case, found adversely to claimants on several grounds and the judgment was affirmed by this court on December 6, 1969. (*Otta v. Johnson*, 204 Kan. 366, 461 P. 2d 758.)

A motion for rehearing in the *Otta* case was denied by this court on January 9, 1970. Thereafter plaintiffs filed their petition instituting the instant action on June 1, 1970.

As previously noted, the issue before us is framed by defendants' motion to dismiss under 60-212 (*b*) (6), *supra*, which is to be treated as the modern equivalent of a demurrer; thus, our consideration of the question to be decided is limited to the well-pleaded facts of plaintiffs' petition, which must be taken as true. (*Parker v. City of Hutchinson*, 196 Kan. 148, 410 P. 2d 347; and *Gardner v. McDowell*, 202 Kan. 705, 451 P. 2d 501.)

Briefly, plaintiffs' petition alleges that their respective decedents

were both employees of Leslie Johnson; that they died as a result of injuries sustained in an accident on June 9, 1965, while employed by Johnson; that previously, on or about May 25, 1965, Johnson contacted defendant Stockham concerning the purchase of a policy of workmen's compensation insurance. The petition further alleges:

". . . [T]hat on June 1, 1965, the said Leslie Johnson directed defendant Glenn F. Stockham, Jr. to procure said policy of Workmen's Compensation insurance and, on the same date, defendant Glenn F. Stockham, Jr. orally informed the said Leslie Johnson that his employees were now covered by a policy of Workmen's Compensation insurance; on said last mentioned date, defendant Glenn F. Stockham, Jr. further informed the said Leslie Johnson that said defendant would cause an election to be filed on behalf of the said Leslie Johnson with the Workmen's Compensation Commission of the State of Kansas, electing for the said Leslie Johnson to be covered by the provisions of the Workmen's Compensation Act of the State of Kansas; that it was understood by and between defendant Glenn F. Stockham, Jr. and the said Leslie Johnson that said policy of Workmen's Compensation insurance was to be procured from State Automobile and Casualty Underwriters."

Plaintiffs further allege that because of defendants' failure to procure the workmen's compensation insurance and to cause an election for Johnson to be filed with the workmen's compensation director they, as third party beneficiaries of the agreements between Johnson and defendants, have suffered damages equal to the sums they would have been entitled to had the insurance been procured and the election filed. In their petition, plaintiffs cite the opinion of this court in *Otta v. Johnson,* supra. Our affirmance of the trial court's judgment therein was based on the determination of one point on appeal, which appears as follows:

". . . [A]n election to come under the compensation act not having been filed, it was incumbent upon the appellants under the then existing law (K. S. A. 44-507) to show that five workmen were employed at the time of the alleged accident (*Thorp v. Victory Cab Co.,* 172 Kan. 384, 240 P. 2d 128; *Bratcher v. Royse,* 185 Kan. 589, 345 P. 2d 648). Appellants' failure to sustain this burden alone precludes them from recovery of compensation and renders determination of the other matters urged upon appeal unnecessary." (p. 371.)

In short, the theory of plaintiffs' petition appears to be that because of defendants' alleged breach of contract in failing to procure the insurance and to cause an election to be filed as promised, the plaintiffs are entitled to recover at common law either in contract or tort. We pause to note that our decisions uphold the right of a plaintiff to plead alternate causes of action arising out of a single transaction; the one sounding in tort and

the other sounding in contract. (*Price, Administrator v. Holmes,* 198 Kan. 100, 422 P. 2d 976.)

In their motion in the trial court, defendants asserted nine grounds for dismissal of plaintiffs' petition. The first of which was that the petition failed to state a claim or cause of action. The second and third grounds dealt with a motion to intervene at the trial court level; these two grounds have been stipulated out of the case and need not be considered on appeal. As a fourth ground, defendants contend the applicable statutes of limitations are a bar to plaintiffs' action either in tort or contract. The remaining grounds deal generally with defendants' position that the present action is actually to recover workmen's compensation benefits and thus cannot stand for jurisdictional reasons; and further that all issues pertaining to a claim for workmen's compensation have been fully resolved in the case of *Otta v. Johnson,* supra; and that the decision therein is a bar to plaintiffs' instant action by reason of the principles of res judicata.

Since we are not informed of the ground or grounds upon which the trial court based its ruling, we shall consider each point raised by the parties in their briefs on appeal.

Assuming the allegations of the petition to be true, and giving it the liberal construction required on consideration of a motion to dismiss, we believe the petition states causes of action sounding in contract and tort. A petition will not be dismissed for failure to state a claim upon which relief can be granted, unless it appears to a certainty that plaintiff is not entitled to relief under any state of facts which could be proved in support of the claim.

In *Weil & Associates v. Urban Renewal Agency,* 206 Kan. 405, 479 P. 2d 875, we considered the scope of a motion to dismiss and said:

". . . The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim." (p. 413.)

See, also, *Robertson v. McCune,* 205 Kan. 696, 472 P. 2d 215; *Banks v. Lockheed-Georgia Co.,* 46 F. R. D. 442 (1968); and *Josephson v. Joslin,* 38 F. R. D. 344 (1965).

This court follows what appears to be the general rule that a broker or agent who undertakes to procure insurance for another

and thereafter the broker neglects or fails to do so, he will be held liable for any damage resulting therefrom. The liability of the agent or broker in such a case rests on the theory that he is the agent for the insured in negotiating for a policy and has a duty to exercise reasonable care, skill and diligence in effecting the insurance, and may be sued for breach of contract or negligent default in the performance of a duty imposed by contract. (43 Am Jur. 2d, Insurance, § 174, pp. 230-231.)

The law of this state, in this regard, was enunciated in the case of *Rezac v. Zima,* 96 Kan. 752, 153 Pac. 500, wherein this court considered the allegations of a petition in an action against an insurance broker—we quote from the opinion as follows:

". . . This action was not brought to recover upon a contract of insurance against the insurer, but is an action against the defendants for the failure to procure insurance on his property as they had undertaken to do so, and for wrongfully representing that insurance had been procured when in fact it had not, as a result of which a considerable loss had been sustained. A broker or agent who undertakes to procure insurance for another is bound to exercise reasonable diligence to obtain insurance in accordance with his agreement and to notify his principal if he is unable to do so. According to the averments of the petition the defendants failed to perform this duty, and, as has been alleged, Zima deliberately deceived the plaintiff by giving him assurance that the property had been insured when he knew that no insurance had been procured. If defendants had informed plaintiff of the omission or failure he could have obtained insurance elsewhere and have provided against loss. It does not appear that a particular insurer was named, but it was agreed that insurance should be obtained in a responsible company. If defendants had failed to exercise reasonable care in the selection of an insurer and had placed the insurance with a company that was insolvent or one not authorized to insure, and subsequently the property had been destroyed and the plaintiff had been unable to realize on the policy, the defendants would have been liable. (*Latham v. Harrod,* 71 Kan. 565, 81 Pac. 214; *Harrod v. Latham,* 77 Kan. 466, 94 Pac. 11.) Brokers are equally liable where they undertake to procure insurance and utterly neglect to obtain any insurance or fail to carry out material provisions of their agreement and a loss results. In such a case they are liable for as much as would have been covered by the insurance which they agreed to procure. (citing cases)." (pp. 754-755.)

See, also, *Rosedale Securities Co. v. Home Ins. Co.,* 120 Kan. 415, 243 Pac. 1023; *Smith v. Hartford Fire Ins. Co.,* 120 Kan. 53, 242 Pac. 455; and *Cushenberry v. Grecian,* 112 Kan. 778, 212 Pac. 681.

Viewing the petition in the light most favorable to plaintiffs, as we are required to do at this juncture of the litigation, we believe the allegations therein are sufficient to state a cause of action against defendant brokers for failure to procure insurance as they agreed.

In response to plaintiffs' analysis of the theory of their cause of action, defendants argue the trial court's ruling was correct because it has no original jurisdiction, at common law, to determine issues concerning recovery of workmen's compensation. Defendants say that such jurisdiction is vested solely and exclusively in the director of workmen's compensation and the courts on appeal. Of course, as an abstract statement, the assertion of defendants is entirely correct. This court has said many times the Workmen's Compensation Act provides a procedure of its own which is substantial, complete and exclusive in compensation cases. (*Garrigues v. Fluor Corporation, Ltd.*, 201 Kan. 156, 439 P. 2d 111, and cases cited therein.) The trouble with defendants' position in this regard is that the petition states a common law claim for damages against an insurance broker, not a claim for workmen's compensation.

Defendants further argue that the contract alleged by plaintiffs is null, void and against public policy creating no liability against defendants in favor of plaintiffs. In support of this argument defendants rely on the case of *King v. El Dorado Motor Co.*, 181 Kan. 477, 311 P. 2d 999. The *King* case was a claim for workmen's compensation under the Workmen's Compensation Act. In the *King* case, one Murray, an independent insurance agent, made a side arrangement or agreement with Noffsinger, an employer, to personally carry Noffsinger's compensation coverage. We held:

"In a proceeding under the Workmen's Compensation Act the Commissioner lacks jurisdiction to enter an award against an insurance agent or broker who is in no way qualified to transact the business of workmen's compensation insurance in the State of Kansas and, by a side arrangement or agreement with an employer, undertakes the workman's compensation insurance coverage of the employer." (Syl.)

The *King* case simply stands for the proposition that an award of compensation cannot be made in a workmen's compensation proceeding against a broker or other third party. The decision has no bearing on a common law action against a broker for breach of contract or negligent default, which must be pursued in a court action at common law.

The parties next take issue on two propositions which are somewhat interwoven in their briefs; namely, whether plaintiffs can be third party beneficiaries of the alleged contract and, if so, are they barred or estopped from asserting rights as third party beneficiaries.

In paragraph three of their petition, plaintiffs allege in essence that defendants contracted with Johnson to procure workmen's com-

pensation insurance and to cause an election to be filed on behalf of Johnson with the workmen's compensation director. In the fourth paragraph of their petition, plaintiffs allege that they were third party beneficiaries to the aforementioned contract. Defendants say that plaintiffs cannot be third party beneficiaries; and further that any claim asserted is barred by the applicable stautes of limitations, citing K. S. A. 60-512 (breach of contract not in writing—three years) and K. S. A. 1971 Supp. 60-513 (actions in tort—two years), and since the alleged breach or tort occurred more than five years before the filing of the action, it is barred on either theory. Defendants cite no cases in support of the two positions asserted.

We shall first consider the issue concerning the bar of the respective statutes of limitations. As previously noted, we proceed on the assumption that the petition before us, given a liberal interpretation, contains two causes of action—one, *ex contractu;* the other, *ex delicto.* If either the cause of action sounding in tort or the cause of action sounding in contract was not barred by the applicable statute of limitations, defendants' motion to dismiss should not have been sustained on this ground.

The case of *Price, Administrator v. Holmes,* 198 Kan. 100, 422 P. 2d 976, although factually dissimilar, dealt with the identical issues concerning the application of the respective statutes of limitations to actions sounding in tort and contract. In *Price* we considered a petition claiming damages resulting from the faulty execution of a will. The petition was construed to state causes of action sounding in tort and contract. We held that the cause of action for breach of contract arose when defendant Holmes allegedly breached an implied warranty to direct and secure a proper execution of the will in question. We further held that, even though the cause of action arose when the breach occurred at the time of the execution of the will, the statute of limitations was tolled during the pendency of the will contest proceedings until a final determination by this court on appeal that the will was invalid. With respect to the tort action in *Price* we held the action accrued, not when the alleged tortious act was committed, but on the date actual damages resulted therefrom, *i. e.,* when the will was finally adjudged invalid. In *Price* the tort action aborted because, being in tort, it did not survive the death of the beneficiary of the will which occurred be-

fore final adjudication of invalidity, but the principle announced is applicable here.

In the instant case plaintiffs are in the identical position as Lillian Price, beneficiary of the will in *Price, Administrator v. Holmes,* supra. Plaintiffs were effectively prevented from suing defendants until it was finally determined in *Otta v. Johnson,* supra, that insurance had not been procured, nor an election caused to be filed, and with respect to the action sounding in tort actual damages did not result until a final determination of those matters.

The general rule which has often been followed by this court is found in our holding in the case of *In re Estate of Brasfield,* 168 Kan. 376, 214 P. 2d 305:

"The rule in this jurisdiction is that if a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute of limitations applicable to the remedy is postponed, or if it has commenced to run, is suspended or tolled, during the time the restraint incident to the proceedings continues." (Syl. ¶ 7.)

See, also, *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 337 P. 2d 986; *Newcom, Administrator v. Potterf,* 182 Kan. 73, 318 P. 2d 1069; and *Kitchener v. Williams,* 171 Kan. 540, 236 P. 2d 64.

Returning to defendants' contention that plaintiffs cannot be deemed third party beneficiaries of an alleged contract between Johnson and defendants, we find nothing in the allegations of the petition, which is all we have before us, that supports defendants' position. Nor is our attention directed to any reason why the general rules relating to third party beneficiary contracts should not apply to the facts pleaded in the petition here.

In the case of *Anderson v. Rexroad,* 175 Kan. 676, 266 P. 2d 320, wherein a petition was challenged by appellees on the ground there was no privity of contract which authorized plaintiffs-appellants to maintain an action as third party beneficiaries, we said:

"In view of the limited scope of appellees' position under the foregoing contention there is no occasion to here write a thesis on the right of a third person to enforce a contract between other persons for his benefit. While it has not always been so the general rule, now well established in the United States, including our own jurisdiction, is that he may avail himself of such a contract when made for his benefit and maintain an action thereon notwithstanding he was a stranger thereto and paid no part of the consideration therefor or had no knowledge thereof and was not identified therein when it was made. . . ." (p. 680.)

As a principle of contract law, this court has long recognized the rule that a person may avail himself of a promise made by a

second party to a third for the benefit of the first, although the first was not a party to it and had no knowledge of it when made. (*In re Estate of Smith,* 199 Kan. 89, 427 P. 2d 443, and cases cited therein.) In the instant case the allegations of the petition bring plaintiffs well within the spectrum of the rule affording a remedy to plaintiffs as third party beneficiaries of a contract.

Finally, defendants contend that plaintiffs' alleged cause of action as to plaintiff Jo Ann Janice Keith (formerly Otta) and her dependent children is barred by reason of principles of res judicata since the plaintiffs mentioned had pursued an action under the Workmen's Compensation Act in which they were denied benefits. In response plaintiffs say the defendants herein were not parties to the action in *Otta v. Johnson,* supra; thus plaintiffs are not barred in this suit by the judgment in that action, and defendants are not entitled here to assert res judicata or the related doctrine of collateral estoppel. Plaintiffs argue that defendants' contentions on this point ignore the doctrine of mutuality of estoppel, which plaintiffs say proscribes the application of the principles of res judicata or collateral estoppel to their claim herein. We are constrained to agree with plaintiffs. In support of their position, plaintiffs rely on the general rule that a plea of res judicata may be asserted only by a person who was a party or in privity with a party to the prior action. This proposition in turn is based upon the doctrine of mutuality of estoppel; that is, a litigant may invoke the bar of the prior judgment only if he would have been bound by it had it gone the other way. (50 C. J. S., Judgments, § 765, P. 293; Restatement of the Law, Judgments, § 93, p. 459; 46 Am. Jur. 2d, Judgments, § 521, p. 673.)

In the recent case of *Adamson v. Hill,* 202 Kan. 482, 449 P. 2d 536, we were asked to modulate the application of the principles of res judicata and collateral estoppel by adopting the so-called *Bernhard* doctrine enunciated in *Bernhard v. Bank of America,* 19 Cal. 2d 807, 122 P. 2d 892, in lieu of the doctrine of mutuality of estoppel. We rejected the *Bernhard* doctrine for reasons stated in the *Adamson* opinion and reaffirmed our adherence to the rule we have long followed; namely—

". . . [T]hat an issue is *res judicata* only when there is a concurrence of four conditions, namely, (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. (citing cases.)" (p. 487.)

Inherent in the rule stated is the requirement of mutuality. With respect to persons in whose favor or against whom the doctrine of res judicata is applicable, a former adjudication is binding only on the parties in the proceedings in which it was rendered and their privies. Defendants here were not parties to the former action nor was it a forum in which the common law action pleaded here could have been litigated.

We have carefully examined the petition in the instant case and the challenges lodged against it, we find that it states a cause of action as hereinbefore described and that it is not subject to dismissal under K. S. A. 1971 Supp. 60-212 ($b$) (6) for any of the reasons asserted by defendants. Therefore the judgment of the trial court is reversed with directions that the case be remanded for further proceedings.

FONTRON, J., not participating.