Ronald E. EDENS, Plaintiff,

v.

Clinton G. LAUBACH, et al., Defendants.

No. 89–4266–RDR.

United States District Court, D. Kansas.

Nov. 15, 1993.

---

Stanley E. Oyler and John R. Stanley, Ascough, Eschmann, Oyler, P.A., Topeka, KS, for Ronald E. Edens.

Gregory P. Forney, Niewald, Waldeck & Brown, Kansas City, MO, Mark L. Bennett, Jr., Bennett & Dillon, Topeka, KS, and Gregory F. Maher, Niewald, Waldeck & Brown, Overland Park, KS, for Clinton G. Laubach.

Mark L. Bennett, Jr., Bennett & Dillon, Topeka, KS, for Bernard Laubach.

Mark L. Bennett, Jr., Bennett & Dillon and Lori M. Callahan, Kansas Medical Mut. Ins. Co., Topeka, KS, for Mildred A. Laubach.

Ronald W. Fairchild and John H. Wachter, Porter, Fairchild, Wachter & Haney, Topeka, KS, for Sec. Benefit Life Ins. Co.

Floyd E. Gehrt, Gehrt & Roberts, Chartered, Topeka, KS, and Brian G. Boos, Niewald, Waldeck & Brown, Overland Park, KS, for Usable Ins. Co.

### MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This is a fraud action brought by Ronald Edens, a grandson and heir of the late Dema Laubach. Plaintiff asserts that Bernard Laubach, now deceased, used a power of attorney he received from Dema Laubach and her husband, Lee Laubach, to fraudulently and wrongfully change the beneficiary on two of Lee Laubach's life insurance/annuity policies from Dema Laubach to Bernard Laubach and Clinton Laubach. Clinton Laubach, Bernard's brother, is also a defendant in this case. Dema Laubach was the stepmother of Clinton and Bernard Laubach.

Long-pending motions for reconsideration and for summary judgment are now before the court. Because the court believes the motion for reconsideration appears to have merit, the court shall only address that motion in this order.

The motion for reconsideration requests that the court reexamine a motion to dismiss which defendants previously filed in the light of additional evidence and arguments. Plaintiff has argued that defendants have not asserted proper grounds for the court to reconsider our prior order.

Judge O'Connor of this district discussed motions for reconsideration in *Gilmore v.*

*Gregg,* Case No. 91–2247, 1993 WL 141863, 1993 U.S.Dist. LEXIS 6089 (D.Kan. 4/16/93):

> The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. See *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988) (district court's decision on motion for reconsideration is reviewed under abuse of discretion standard). It is well established that a motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or when there has been a change in the law. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171 [106 S.Ct. 2895, 90 L.Ed.2d 982] (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts of the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan. 1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill. 1983). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Renfro v. City of Emporia,* Kan., 732 F.Supp. 1116, 1117 (D.Kan.1990) (quoting *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.,* No. 89–1412–C [1989 WL 159369, *1], 1989 U.S.Dist. LEXIS 15684, slip op. at 2 (D.Kan., unpublished, Dec. 15, 1989)).

Judge O'Connor further commented in a footnote:

> The court further notes that under the "law of the case doctrine," once issues are decided by the court, those issues should not be relitigated or reconsidered unless they are clearly erroneous or unless some

manifest injustice has been imposed. *Renfro v. City of Emporia, Kan., supra,* 732 F.Supp. [1116] at 1117. This doctrine is based on public policy favoring an end to litigation and encouraging dispute resolution by preventing continued reargument of decided issues. See *Todd Shipyards Corp. v. Auto Transp., S.A.,* 763 F.2d 745, 750 (5th Cir.1985); *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

*Id.*

The motion to dismiss which this court previously denied was brought under FED. R.CIV.P. 12(b)(6). The motion asserted that the complaint did not sufficiently allege facts showing that plaintiff was the real party in interest, under FED.R.CIV.P. 17, who could bring this action.[1] The court found otherwise, holding that plaintiff had made sufficient allegations to assert an exception (i.e., refusal to act by the administrator) to the normal rule that claims of a deceased must be made by the executor or administrator. See *Howe v. Mohl,* 168 Kan. 445, 214 P.2d 298, 301 (1950); *Brothers v. Adams,* 152 Kan. 675, 107 P.2d 757, 765 (1940).

■ In the instant motion for reconsideration, defendants make a three-pronged argument: 1) that plaintiff is collaterally estopped from establishing standing in this case; 2) that plaintiff is collaterally estopped from prevailing upon the underlying fraud claim; and 3) that this action is adverse to the interests and purposes of FED.R.CIV.P. 17. The court believes these arguments are significantly different from the arguments made in the original motion to dismiss. Therefore, defendants' motion for reconsideration is more properly viewed as a separate motion for summary judgment (because it relies upon matters outside of the pleadings) than a motion for reconsideration or a motion to dismiss.[2]

---

1. The motion also asserted that diversity jurisdiction had not been properly alleged. The court found that this problem had been corrected. Defendants do not request that this part of the court's order be reconsidered.

2. We do not believe a determination that plaintiff had alleged sufficient facts to withstand a motion to dismiss on the issues raised herein relieves plaintiff of the burden of providing adequate

proof of its position on summary judgment. Cf. *Defenders of Wildlife, Friends of Animals and Their Environment v. Luhan,* 911 F.2d 117, 120 (8th Cir.1990) *rev'd on other grds,* —— U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (refusal to dismiss an action for lack of standing does not eliminate plaintiff's burden to prove standing when defendant challenges factual basis for standing on summary judgment).

It would not be efficient or just to deny defendants' motion for reconsideration simply because we believe it is incorrectly labeled. Plaintiff has responded to the merits of the motion. Therefore, we shall discuss the merits of the motion. Before rendering final judgment on the basis of our discussion, we shall grant plaintiff additional time to make any further appropriate response since we are treating the motion as one for summary judgment. See FED.R.CIV.P. 12(c).

The following facts are relevant to the motion for reconsideration and appear uncontroverted. On February 11, 1985, Lee and Dema Laubach signed a form granting Bernard Laubach power of attorney. Lee Laubach was suffering some paralysis and could only sign an "x". Dema Laubach acknowledged his signature. On September 14, 1985, Bernard Laubach changed the beneficiary on two life insurance/annuity policies from Dema Laubach to Bernard and Clinton Laubach. Lee Laubach died on June 20, 1987. Dema Laubach died on April 12, 1988. On February 13, 1989, in state court Case No. 88 P 11, plaintiff filed a motion to compel the administrator of Dema Laubach's estate to include the insurance policies which are at issue in this case as property of the estate. The petition asserted that Bernard Laubach and Clinton Laubach conspired in a fraudulent manner to have Lee Laubach change the beneficiary of his life insurance policies when he was incapacitated. In essence, plaintiff was asking that the proceeds of the insurance policies be made part of the estate because of the alleged fraud and breach of fiduciary duty by defendants. This motion was withdrawn on April 4, 1989.

On May 26, 1989, in Case No. 88 P 11, plaintiff filed a motion to appoint a special administrator under K.S.A. 59–710, to pursue any claim which might exist against Bernard Laubach and Clinton Laubach for the proceeds of the insurance policies. The petition asserted that the estate of Dema Laubach had a claim against Bernard Laubach and Clinton Laubach because of "undue influence" they exerted upon Lee Laubach to change the beneficiary of his life insurance policies. The petition further asserted that the administrator of the Dema Laubach estate had an opposing interest to plaintiff and refused to pursue the claim against Bernard Laubach and Clinton Laubach. The magistrate judge in state court denied the petition to appoint a special administrator. The magistrate judge found that the administrator was "proper and suited to serve as administrator." The judge also instructed the administrator to obtain the opinion of independent outside counsel as to whether there were assets that had not been accounted for in the estate proceedings. The judge further directed that the opinion of independent counsel be set out in a letter addressed to the court. This order was appealed and affirmed after a hearing *de novo* by the state district court judge on July 27, 1989. The case at bar was filed on December 19, 1989.

It is somewhat difficult to label the first argument made in defendants' motion for reconsideration. In defendants' original motion to dismiss, defendants argued that plaintiff was not the real party in interest. In defendants' motion for reconsideration, defendants initially assert that plaintiff lacks standing to maintain this action because of earlier probate proceedings. The concepts of real party in interest and standing, as well as the concept of capacity to sue, are often confused. *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992) citing 6A Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1542 (1990). Standing is usually raised in cases of alleged governmental wrongdoing. *Glickstein v. Sun Bank/Miami*, 922 F.2d 666, 670 (11th Cir. 1991) citing 13 Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE § 3531 at p. 341 (2d ed. 1984). Whether someone is a real party in interest "directs attention to whether plaintiff has a significant interest in the particular action he has instituted . . . [b]y way of contrast, capacity is conceived to be a party's personal right to litigate in a federal court." 6A Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1542 p. 327 (1990). As an heir of Dema Laubach, it is difficult to deny plaintiff's interest in this action, although one can argue that plaintiff has not been *directly* affected by the alleged wrong. A better characterization of defendants' argument is that plaintiff lacks the capacity or right to

bring this action because the normal rule, and the rule defendants assert was applied by the Kansas court against plaintiff, is that the administrator and not the heirs have the right to bring the estate's causes of action. See *Firestone v. Galbreath, supra,* 976 F.2d at 283; *Glickstein v. Sun Bank/Miami, supra,* 922 F.2d at 670. Thus, the first issue in the motion for reconsideration, as we see it, is whether plaintiff has the capacity to bring this action and whether plaintiff is precluded from claiming capacity to bring this action by virtue of a prior decision upon the issue by another court.

■ Collateral estoppel is considered part of the doctrine of res judicata. *Koch v. City of Hutchinson,* 814 F.2d 1489, 1493 (10th Cir.1987) *modified on other grds on rehearing,* 847 F.2d 1436 (10th Cir.) *cert. denied,* 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988). Collateral estoppel, or issue preclusion, "prohibits the relitigation of facts and question that were in issue in a previous action between the same parties, and which were actually litigated." *Id.* Claim preclusion, which is normally referred to as res judicata, prohibits a party from reasserting any question which was actually presented or which might have been presented in a previous action. *Id.* The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that this court apply Kansas law to determine the preclusive effect of prior state court decisions. *Id.; Gates Learjet Corp. v. Duncan Aviation,* 851 F.2d 303, 305 (10th Cir.1988). Under Kansas law,

> collateral estoppel may be invoked where: (1) the issue decided in the prior action is identical to the one presented in the later lawsuit, (2) a final judgment on the merits was rendered in the earlier action, (3) the party against whom collateral estoppel is asserted was a party to the prior action, and (4) collateral estoppel is asserted defensively, as a shield to liability against a plaintiff bringing suit on an issue he previously litigated and lost as a plaintiff in a prior action.

*American Home Assurance Co. v. Pacific Indemnity Co., Inc.,* 672 F.Supp. 495, 498 (D.Kan.1987) quoting *Crutsinger v. Hess,* 408 F.Supp. 548, 554 (D.Kan.1976).

Res judicata or claim preclusion may be applied:

> when four conditions concur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made.

*Jackson Trak Group, Inc. v. Mid States Port Authority,* 242 Kan. 683, 690, 751 P.2d 122 (1988).

■ We believe the doctrine of collateral estoppel applies to decisions upon issues such as capacity to sue. Cf. *Cutler v. Hayes,* 818 F.2d 879, 889 (D.C.Cir.1987) (collateral estoppel principles apply to standing determinations).

■ Defendants contend that plaintiff is collaterally estopped from establishing his capacity to bring this action because of the decision made by the state court in response to his motion to appoint a special administrator. As noted previously in this order as well as in our prior order, the administrator, not an heir, of the Dema Laubach estate would normally be the person with the right to bring this case because the general rule in Kansas is that the rights of a decedent vest in the executor or administrator absent some default, fraud or refusal to act on the part of the executor or administrator. Under K.S.A. 59–710, a special administrator may be appointed "[f]or good cause shown." In plaintiff's petition for appointment of a special administrator, plaintiff asserted that the administrator's interests were opposed to those of plaintiff; that there was a conflict between the administrator and plaintiff; and that the administrator refused to include plaintiff's alleged claim of fraud in the inventory of the estate. These are, in essence, the same grounds as plaintiff asserts to prove his capacity to bring this action before the court. However, plaintiff's proof was obviously considered insufficient to warrant appointment of a special administrator by the state court. It appears conceded that plaintiff had a full opportunity to present his arguments and evidence to the state court.

We believe a Kansas state court would give preclusive effect to the prior judgment of the

state district court if plaintiff had filed this case in state court and, therefore, that collateral estoppel bars plaintiff from bringing the action here. The issue of whether someone other than the administrator of the Dema Laubach estate should assert a claim against defendants is the same in this case and Case No. 88 P 11. It matters not that in this case plaintiff is bringing this action individually and in Case No. 88 P 11 he requested appointment of a special administrator. Indeed, in Case No. 88 P 11 plaintiff asked that he be appointed as the special administrator. We also note that in *Brothers v. Adams, supra,* the case relied upon by plaintiff to support his argument for capacity to sue, an heir initially brought the action but a special administrator was eventually appointed as party plaintiff to carry on the action. In sum, we believe the elements are present for the application of collateral estoppel. The issue of whether someone other than the administrator of the Dema Laubach estate has the capacity to bring this action is identical to the question of whether a special administrator should be appointed in Case No. 88 P 11. A final judgment was rendered in Case No. 88 P 11. Plaintiff was a party to Case No. 88 P 11. Finally, collateral estoppel is being asserted defensively as a shield to liability against a plaintiff bringing suit on an issue he previously litigated and lost.

For these reasons, it appears to the court that final judgment should be entered dismissing this case because plaintiff lacks capacity to bring the action. However, because of the procedural posture of this case, the court shall grant plaintiff 15 days to submit a memorandum showing cause why this action should not be dismissed upon summary judgment as barred by collateral estoppel.[3]

**IT IS SO ORDERED.**

---

3. We do not reach the other issues raised in defendants' motion for reconsideration.