Eric C. BECKETT, for the benefit of CONTINENTAL WESTERN INSURANCE COMPANY Plaintiff,

v.

UNITED STATES of America Defendant.

No. 03–4011–MLB.

United States District Court, D. Kansas.

Sept. 10, 2003.

542

Mark A. Buck, Nathan Burghart, Fairchild & Buck, P.A., Topeka, KS, for Plaintiff.

Connie R. DeArmond, Robin Barkett Moore, Office of United States Attorney, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

BOSTWICK, United States Magistrate Judge.

The court now considers a motion to amend its answer by defendant United States of America ("the government"). (Doc. 27.) The government seeks to amend its answer by adding the affirmative defenses of res judicata and collateral estoppel. (Doc. 28 at 1.) Plaintiff Eric Beckett filed a response (Doc. 31), and the government filed a reply. (Doc. 33.) Beckett also filed a motion for oral argument. (Doc. 32.) The government's motion is GRANTED, and Beckett's motion is DENIED, for reasons set forth herein.

## BACKGROUND

This case arises from an automobile accident involving Beckett and Internal Revenue Service employee John H. Forcum. (Doc. 28 at 1–2.) Forcum was killed in the accident,

and Beckett was injured. *See id.* at 1. Forcum's widow brought a wrongful death action in state court against Beckett's employer, Southwestern Business Supplies, Inc. *See id.* at 2. That litigation was ongoing when this federal case was filed. *See id.* at 1–2.

Beckett brought the present suit for the benefit of his worker's compensation insurer, Continental Western Insurance Company. (Doc. 31 at 1.) Beckett asserted this negligence action against Forcum's estate. *See id.* at 2. The government determined that Forcum was acting within the scope of his employment at the time of the incident, and, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, substituted itself in place of Forcum's estate. *See id.*

After the government filed its answer in this case, a jury returned a special verdict in the related state case, wherein it found that neither Beckett nor Forcum were at fault for the accident. (Doc. 28 at 2.) The government contends the state court determination on fault precludes re-litigation of that issue in this case. *See id.* at 3. Accordingly, the government seeks to amend its answer to include the affirmative defenses of res judicata and collateral estoppel.

### STANDARD TO AMEND

■ Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires. In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993).

■ A district court is justified in denying a motion to amend as futile, however, if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir.1992). A court may not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### FUTILITY

■ Res judicata is sometimes used to refer to both issue preclusion and claim preclusion. *Jackson Trak Group, Inc. v. Mid States Port Authority,* 242 Kan. 683, 690, 751 P.2d 122, 128 (1988). Being more precise, res judicata addresses claim preclusion, while issue preclusion is called collateral estoppel. *See id.* Though the government seeks to include a defense of res judicata in its answer (Doc. 28 at 1), the focus of the proposed amendment is upon establishing a defense based on issue preclusion. *See id.* at 3. Accordingly, the request to add the defenses of res judicata and collateral estoppel will be interpreted as a request to assert the issue preclusion defense.

### Mutuality of Estoppel

Kansas has traditionally required the following elements to support the use of collateral estoppel:

> (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity therein and (3) the issue litigated must have been determined and necessary to support the judgment.

*Bud Jennings Carpets & Draperies, Inc. v. Greenhouse,* 210 Kan. 92, 96, 499 P.2d 1096, 1100 (1972). The parties here appear only to dispute the second element, mutuality of estoppel. (Doc. 31 at 2; Doc. 33 at 3.) Kansas has previously held to the requirement that both parties in the present action must have been parties or in privity with a party to the prior action in order to satisfy the conditions for collateral estoppel. *See Keith v. Schiefen–Stockham Ins. Agency,* 209 Kan. 537, 545, 498 P.2d 265, 273 (1972) ("a litigant may invoke the bar of the prior judgment only if he would have been bound by it had it gone the other way"). However, in 1976, Judge O'Connor predicted that, under the right circumstances, the Kansas Supreme Court

would relax its mutuality requirement and adopt the majority view that collateral estoppel may be asserted if

(1) the issue decided in the prior action is identical to the one presented in the latter lawsuit; (2) a final judgment on the merits was rendered in the earlier action; (3) *the party against whom the plea of collateral estoppel is asserted was a party to the prior action;* and (4) *the doctrine of collateral estoppel is invoked defensively, as a shield to liability,* against a plaintiff bringing suit on an issue that he litigated and lost as a plaintiff in a prior action

*Crutsinger v. Hess,* 408 F.Supp. 548, 554 (D.Kan.1976)(emphasis added) (adopting majority view as expressed in *Bernhard v. Bank of America,* 19 Cal.2d 807, 122 P.2d 892 (1942)). Judge O'Connor's view has been routinely followed by the federal courts in this district ever since. *See, e.g., Edens v. Laubach,* 838 F.Supp. 510, 514 (D.Kan.1993); *Ketchum v. Almahurst Bloodstock IV,* 685 F.Supp. 786, 794 n. 5 (D.Kan.1988); *American Home Assur. Co. v. Pacific Indem. Co.,* 672 F.Supp. 495, 498 (D.Kan.1987).

■ While the Kansas state courts have not been so clear about their adoption of Judge O'Connor's view, there have clearly been cases where the Kansas courts have waivered on the hard-and-fast mutuality requirement. In *Kearney v. Kansas Public Service Co.,* 233 Kan. 492, 665 P.2d 757 (1983), the Kansas Supreme Court permitted the use of collateral estoppel against a defendant when a previous case had already determined that the other co-defendants were without fault, even though the cases had different plaintiffs. *See id.* at 513, 665 P.2d at 775. Likewise, in *Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 732 P.2d 741 (1987), the court summarized the requirements for collateral estoppel, saying

Three questions must be asked in considering whether mutuality applies: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was *the party against whom the claim is asserted* a party or in privity with a party to the prior adjudication?

*Id.* at 711, 732 P.2d at 744 (emphasis added). The italicized text makes clear that the focus in *Patrons* was not on whether both parties to the action were involved in the prior action, but only whether "the party against whom the claim [of collateral estoppel] is asserted" was a party to the prior action. *Id.* While the law on mutuality may not be completely settled, it certainly does not foreclose the government's position. Accordingly, the proposed amendment will not be futile, so long as the party against whom it is asserted satisfies the privity requirements.

### Real Party in Interest

The government alleges that Continental Western is the real party in interest in both the state action and this case. (Doc. 33 at 4.) The government bases this assertion on the claim that Continental Western provided the defense for Southwestern Business Systems, Inc., in the state case, *see id.* at 4–5; and, Beckett admittedly brings this case "for the benefit of" Continental Western. (Doc. 31 at 1.) Based on those allegations, the government asserts that Continental Western's presence or activities in both cases satisfies the mutuality requirements for collateral estoppel. (Doc. 33 at 4–5.)

■ The government's position may have merit. First, Continental Western may be in privity with its insureds, and therefore bound by prior adjudications involving its insureds.[1] *See Patrons,* 240 Kan. at 710, 732 P.2d at 744. Second, although Kansas normally requires that the party against whom collateral estoppel is asserted must have

---

1. The court notes that Beckett has a different interpretation of *Patrons.* Beckett cites *Patrons* for the proposition that an "insurer [is] not bound by [a] jury's findings" in a prior action because the insurer "was not a party to the prior action." (Doc. 31 at 10.) Quite to the contrary, the Kansas Supreme Court said "[a]s an insurer, Patrons *was privy* to Ron Harmon, its insured. Because of the mutuality rule of collateral estop-

pel, Patrons *was bound* by that prior finding in this action." *Patrons,* 240 Kan. at 710, 732 P.2d at 744 (emphasis added). Noting that "[b]ecause Patrons was in privity with a party, Ron Harmon [its insured], in the wrongful death action, it was bound by that judgment," the Supreme Court refused to create a special exception to the mutuality requirement of collateral estoppel for insurance companies. *Id.* at 711, 732 P.2d 741.

been a party to the prior action, or in privity therewith, there is an exception to that rule.

A person who is not a party but who controls an action, individually or in co-operation with others, is bound by the adjudication of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound. According to the Restatement, "control," for purposes of issue preclusion, refers to the ability to exercise "effective choice as to the legal theories and proofs to be advanced," as well as "control over the opportunity to obtain review." However, the "control" need not be exercised directly by the non-litigating party. It is sufficient that the choices were in the hands of counsel responsible to the controlling person; moreover, the requisite opportunity may exist even when it is shared with other persons.

*Phelps v. Hamilton,* 122 F.3d 1309, 1319 (10th Cir.1997) (internal citations and some quotation marks omitted). Based on Continental Western's alleged financial interest in both cases, it is possible that the government could show Continental Western fits within this exception. Either way, the government's position is not clearly foreclosed by the controlling law. Since leave to amend may not be denied "unless it appears beyond doubt that the [government] can prove no set of facts in support of [its] claim which would entitle [it] to relief," *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), the government's motion to amend (Doc. 27) is GRANTED.

**IT IS THEREFORE ORDERED** that the government shall file its amended answer within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED** that Beckett's motion for oral argument (Doc. 32) is DENIED.